FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 21 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
GIOVANNI SMITH,

           Plaintiff,

v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DETECTIVE JEROME
78th Precinct,
NEW YORK CITY POLICE OFFICER
VELEZ, Tax # 953525, 71st Precinct,
NEW YORK CITY POLICE OFFICER DAVIS,
71st Precinct, Tax # 941623,
NEW YORK CITY POLICE LIEUTENANT
JANE DOE, 71st Precinct,

           Defendant(s).
---------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

**CV 14 - 3181**

**GLASSER, J.**

**REYES, M.J**

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, GIOVANNI SMITH, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars,

exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. The Plaintiff, GIOVANNI SMITH is a United States Citizen of African-American descent, and is, and at all times relevant herein, a resident of the State and City of New York.

8. Defendants, NEW YORK CITY POLICE DETECTIVE JEROME, of the 78th Precinct, NEW YORK CITY POLICE OFFICER VELEZ, Tax Number 953525, upon information and belief of the 71st Precinct, and NEW YORK CITY POLICE OFFICER DAVIS, Tax Number 941623, and NEW YORK CITY POLICE LIEUTENANT JANE DOE are and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendants NEW YORK CITY POLICE OFFICERS JEROME, VELEZ, DAVIS and LIEUTENANT JANE DOE are sued individually and in their official capacity.

At all times relevant Defendants NEW YORK CITY POLICE OFFICERS JEROME, VELEZ, DAVIS and LIEUTENANT JANE DOE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants NEW YORK CITY POLICE OFFICERS JEROME, VELEZ, DAVIS and LIEUTENANT JANE DOE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers a s said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

### First incident

11. On February 5, 2014 at approximately 8:30 a.m. Plaintiff had just finished walking his seven year old son to school in the vicinity of Lincoln Place and 6th Avenue in the Park Slope section of Brooklyn, when an unknown individual ran up to the Plaintiff and, without provocation, shot the Plaintiff in the lower leg. The perpetrator then ran away. Members of the NEW YORK CITY POLICE DEPARTMENT, including named Defendant DETECTIVE JEROME, responded to the location, however instead of pursuing the perpetrator, Defendant DETECTIVE JEROME handcuffed the Plaintiff while the Plaintiff was in the ambulance, then accompanied Plaintiff to the hospital, repeatedly telling the Plaintiff, in sum and substance, that "things like this don't happen in this neighborhood", and that the Plaintiff "must have known who shot him", despite Plaintiff's repeated statements that he did not know who shot him and that the person was getting away. Once at the hospital, Defendant DETECTIVE JEROME proceeded to handcuff the Plaintiff to his hospital bed by the arm, and shackled Plaintiff's legs, even though the Plaintiff had been shot in the leg. Defendant DETECTIVE JEROME then refused to remove the handcuffs and refused to unshackle the Plaintiff's legs for a period of more than four hours while the Plaintiff was being treated at the hospital, despite the fact that Plaintiff had not been accused of committing any crime. Defendant DETECTIVE JEROME refused repeated requests by the Plaintiff to be allowed to make telephone calls to his family members to apprise them of Plaintiff's whereabouts, and, upon information and belief, later informed members of the press that the Plaintiff was

"uncooperative", which was published in local area newspapers, causing Plaintiff considerable public embarrassment and humiliation, and which was a false statement put forth by Defendant DETECTIVE JEROME as the truth.

### Second Incident

On August 30, 2013 at approximately 8:00 p.m. the Plaintiff was in the vicinity of Franklin Avenue and Union Street in the Crown Heights section of Brooklyn, when named Defendant NEW YORK CITY POLICE OFFICER VELEZ and two other members of the NEW YORK CITY POLICE DEPARTMENT approached the Plaintiff while the Plaintiff was outside speaking with his friends. Defendant OFFICER VELEZ and the other two officers stood next to Plaintiff for approximately thirty minutes before Defendant OFFICER VELEZ looked at Plaintiff and asked him in sum and substance "aren't you Smith?" referring to Plaintiff by his surname. When the Plaintiff asked Defendant OFFICER VELEZ how he knew Plaintiff's last name, Defendant OFFICER VELEZ stated in sum and substance "you have a warrant". Defendant OFFICER VELEZ proceeded to search the Plaintiff, then handcuffed him and transported Plaintiff to the 71st Precinct where Defendant OFFICER VELEZ subjected Plaintiff, without cause or provocation, to a partial strip search. Defendant OFFICER VELEZ then issued the Plaintiff a summons for violating New York City Administrative Code Section 16-118(1) (Littering), despite the fact that Plaintiff did not litter during the time the Plaintiff was in the presence of Defendant OFFICER VELEZ. Upon information and belief, the Plaintiff did not have a warrant, which was allegedly issued on Docket Number 2009KN071486, which case was dismissed in May 2011. The littering summons issued by Defendant

-5-

OFFICER VELEZ under summons number 4413567850 and docketed under 2013SK102517 was dismissed the first time on the calendar in Criminal Court on November 27, 2013.

### Third Incident

On May 27, 2011 at approximately 3:00 p.m. the Plaintiff was in the vicinity of 1000 President Street in the Crown Heights Section of Kings County, speaking with a couple of friends when two NYPD Patrol cars pulled up and members of THE NEW YORK CITY POLICE DEPARTMENT, including named Defendant NEW YORK CITY POLICE OFFICER DAVIS, exited the vehicles and approached the Plaintiff and the people the Plaintiff was speaking with. One of the officers approached the Plaintiff's companion and stated in sum and substance, "we have a report that you fit a description of a person with a gun." When this individual told the officers that he must be mistaken because he had been there for some time, named Defendant LIEUTENANT JANE DOE told the Plaintiff and the other individuals, including the man the officers originally spoke with, to stand up. Defendant LIEUTENANT JANE DOE then instructed one of the other officers to search a backpack that was next to the individual that allegedly fit the description of the person they were looking for. After searching the bag, named Defendant LIEUTENANT JANE DOE ordered all the individuals, including the Plaintiff, to provide identification. When the Plaintiff asked why he had to present identification if he was not the person they were looking for named Defendant LIEUTENANT JANE DOE stated in sum and substance "you want to be an ass wipe, you want to get arrested and go through the system while it's hot out.", to which the Plaintiff responded in sum

and substance "do what you gotta do", whereupon named Defendant LIEUTENANT JANE DOE ordered named Defendant NEW YORK CITY POLICE OFFICER DAVIS in sum and substance to "put the cuffs on him", whereupon Defendant OFFICER DAVIS handcuffed the Plaintiff. Defendant OFFICER DAVIS then put the Plaintiff, without searching him, into one of the NYPD vehicles. When the Plaintiff told one of his companions to call the Plaintiff's wife, named Defendant LIEUTENANT JANE DOE, who was now sitting in the passenger seat of the vehicle the Plaintiff was placed in, stated in sum and substance that she "didn't care who was coming to the precinct, if they did, they would be arrested too". The Plaintiff was then taken to the 71st precinct, where he was searched by named Defendant OFFICER DAVIS and other members of the NEW YORK CITY POLICE DEPARTMENT. The Plaintiff was subsequently given summonses for Disorderly Conduct (New York Penal Law Section 240.20) and Spitting (New York Health Code Section 181.02) under Summons Numbers 432797720-2 and 432797719-6 by named Defendant NEW YORK CITY POLICE OFFICER DAVIS. When the Plaintiff's wife arrived at the precinct, she was told by members of THE NEW YORK CITY POLICE DEPARTMENT that the Plaintiff was "going through the system". The Plaintiff was ultimately released from the custody of THE NEW YORK CITY POLICE DEPARTMENT and required to defend himself against the summonses issued by Defendant NEW YORK CITY POLICE OFFICER DAVIS which were subsequently dismissed and sealed.

### FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983, and the Fourth and Fourteenth**

## Amendments to the United States Constitution, False Arrest

12. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, on February 5, 2014 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE OFFICER JEROME, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff, without lawful cause or reason.

14. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE JEROME occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

## Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Excessive Force

15. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, on February 5, 2014 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE JEROME, acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon Plaintiff by handcuffing and leg-shackling Plaintiff to his hospital bed after the Plaintiff had been the victim of a gunshot wound inflicted by an unknown perpetrator, without lawful reason or cause, and which was unnecessary.

17. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE JEROME

occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest

18. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, on August 30, 2013 the conduct of Defendants NEW YORK CITY POLICE OFFICER VELEZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff, without lawful reason or cause, alleging that the Plaintiff had an outstanding warrant when there was none.

20. That the actions of Defendant NEW YORK CITY POLICE OFFICER VELEZ occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983, the Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Strip Search

21. The Plaintiff incorporates y reference each of the allegations contained in Paragraphs

One (1) through Twenty (20 as if fully set forth herein.

22. That upon information and belief, on August 30, 2013 the conduct of NEW YORK CITY POLICE OFFICER VELEZ acting under color of state Law, violated Section 42 U.S.C. 1983 by unlawfully subjecting the Plaintiff to a partial strip search

23. That the actions of Defendant NEW YORK CITY POLICE OFFICER VELEZ occurred in and during the scope of his duties as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff

## FIFTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983, the Fourth and Fourteenth Amendments to the United States Constitution-Malicious Prosecution

24. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25. That upon information and belief, on August 30, 2013 the conduct of Defendant NEW YORK CITY POLICE OFFICER VELEZ violated Section 42 U.S.C. 1983 by unlawfully, and without basis in fact or law, and knowing the allegations to be false, charging the Plaintiff with violation of New York City's Administrative Code Section 16-118(1) Littering.

26. That the actions of Defendant NEW YORK CITY POLICE OFFICER VELEZ occurred in and during the scope of his duties as a New York City Police Officer and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH FEDERAL CLAIM

—10—

### Violation of Rights Secured by Section 42 U.S.C. 1983, the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest

27. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Six )26) as if fully set forth herein.

28. That upon information and belief, on May 27, 2011 the conduct of Defendant NEW YORK CITY POLICE OFFICER DAVIS violated Section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff without basis in law or fact, and without probable cause and charging the Plaintiff with violating New York Penal Law Section 240.20.

29. That the actions of Defendant NEW YORK CITY POLICE OFFICER DAVIS occurred in and during the scope of his duties as a New York City Police Officer and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### SEVENTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983, the fourth and Fourteenth Amendments to the United States Coustitution- False Arrest

30. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31. That upon information and belief, on May 27, 2011, the conduct of Defendant NEW YORK CITY POLICE LIEUTENANT JANE DOE violated Section 42 U.S.C. 1983 by unlawfully, and without probable cause, ordering Defendant NEW YORK CITY POLICE OFFICER DAVIS to arrest the Plaintiff, when no basis for arrest existed either in law or fact.

32. That the actions of defendant NEW YORKCITY POLICE LIEUTENANT JANE DOE

occurred in and during the scope of her duties as a New York City Police Officer and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

33. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants NEW YORK CITY POLICE DETECTIVE JEROME, resulted in the false arrest of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

35. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER DAVIS resulted in the negligent infliction of emotional distress to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

37. The Plaintiff by reference incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Six (36) as if fully set forth herein

38. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat

Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DETECTIVE JEROME, which resulted in the detention, public humiliation, embarrassment and emotional distress to Plaintiff resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendants NEW YORK CITY POLICE OFFICERS JEROME, VELEZ, DAVIS and DOE.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: May 21, 2014
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com